IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SEEMA L. MISHRA, M.D., on her  \*
own behalf, individually, and  \*
on behalf of her patients,     \*
both private pay and those     \*
receiving Medicaid or Medicare \*
from the federal government or \*
financial assistance for       \*
healthcare from the State of   \*
South Carolina,                \*
                               \*
    Plaintiff,              \*
                               \*
v.                             \*  CV 105-101
                               \*
HCA INC., privately and under  \*
color of law; DOCTORS HOSPITAL \*
OF AUGUSTA, LLC d/b/a          \*
DOCTORS HOSPITAL OF AUGUSTA,   \*
and its parent, privately and  \*
under color of law; JOHN DOE,  \*
OR ANY AGENT OF HCA INC.,      \*
individually and under color   \*
of law; THE CENTER FOR PRIMARY \*
CARE; and JIM LARSON,          \*
                               \*
    Defendants.             \*

O R D E R

Presently before the Court in the captioned case are Plaintiff's motions for a new trial and for relief from judgment. In my order of March 26, 2009, I granted the HCA Defendants' motion to confirm the award of the arbitrator while simultaneously denying Plaintiff's motion to vacate the

DHB (42)

award, as well as her motion for discovery and several other procedural motions. Judgment in the case was entered in favor of the HCA Defendants on April 17, 2009. On May 4, 2009, Plaintiff filed a motion for a new trial. Nine days later, on May 13, 2009, Plaintiff filed a notice of appeal. Then, on May, 20, 2009, Plaintiff filed a notice voluntarily withdrawing her earlier motion for a new trial. In her notice, Plaintiff admitted that her May 4, 2009, motion for a new trial was untimely. See Fed. R. Civ. P. 59(b). Accordingly, Plaintiff's motion for a new trial (Doc. no. 131) is **TERMINATED**. Finally, also on May 20, 2009, Plaintiff filed a motion for relief from judgment pursuant to Rule 60.

Because the only pending motion in this case, Plaintiff's motion for relief from judgment, was filed after her notice of appeal, the Court must first determine whether it has jurisdiction to consider this motion. Ordinarily, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects the case involved in an appeal." Griggs v. Provident Consumer Discount Company, 459 U.S. 56, 58 (1982). However, Rule 4(a)(4) provides a list of post-judgment motions that, if timely filed, "the appeal self-destructs." Id. (citing 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 204.12[1], at 4-65 n. 17 (2d ed. 1982)). The list of post-

2

judgment motions in Rule 4(a)(4)(A) includes motions "for a new trial under Rule 59; or for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(v-vi). As was previously stated, Plaintiff's Rule 59 motion was not timely filed. Plaintiff's Rule 60 motion, which was timely filed, was nevertheless filed more than ten days after judgment was entered. When a post-judgment motion is not one of the four enumerated in Rule 4(a)(4), the motion does not operate to stay a party's notice of appeal and the district court lacks jurisdiction to consider the motion. See Alward v. Burrelle's Info. Servs., No. 365 2001 WL 1708779 at *3 (D. Ariz. Dec. 5, 2001). Accordingly, this case remains stayed, and this Court cannot consider Plaintiff's motion for relief from judgment until the appeal is ruled upon by the Court of Appeals.

This Court's lack of jurisdiction aside, the fact of the instant motions and this order may be of interest to the Panel of the Court of Appeals to which that appeal is assigned. Accordingly, the Clerk is **DIRECTED** to forward a copy hereof to the Clerk of the Eleventh Circuit Court of Appeals for distribution to such Panel for such use as the judges deem appropriate.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE

3